**James H. GRUBKA, Petitioner,**

v.

**The DEPARTMENT OF THE TREASURY, Respondent.**

No. 88–3018.

United States Court of Appeals, Federal Circuit.

Oct. 11, 1988.

Philip B. Abramowitz, Robshaw, Abramowitz & Tobia, P.C., Buffalo, N.Y., argued for petitioner. With him on the brief was C. Donald O'Connor.

Paul D. Langer, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief was Eileen Collins, Sr. Atty., Office of Regional Counsel, I.R.S., New York City, of counsel.

Before SMITH and NIES, Circuit Judges, SKELTON, Senior Circuit Judge.

PER CURIAM.

James H. Grubka (petitioner or Grubka) appeals from the decision of the Merit Systems Protection Board (MSPB or board) which approved the decision of the Internal Revenue Service (IRS) to demote him from his managerial position as Chief, Quality Review Staff, GM–14, with an annual salary of $52,253, to the position of Appeals Officer, GS–12, step 7, at an annual salary of $39,083, in the Buffalo, New York, Appeals Office, effective April 26, 1987. He was demoted (1) for engaging in alleged acts of misconduct in kissing and embrac-

ing two female employees at a Halloween party organized and staged by the employees at a hotel after hours away from their workplace and for their entertainment, (2) for making a false statement in connection with the incidents, (3) for failing to satisfy his managerial responsibilities to report his alleged improper conduct and that of his superior to higher authority, and (4) for failing to show and develop Equal Employment Opportunity (EEO) principles by his conduct and activities. We reverse and remand with instructions.

The facts show that the IRS was conducting a training program relating to taxes for 39 new revenue agents. The instruction classes were held in the Federal Building in Buffalo and were attended by the trainees, the instructors and supervisors. During the progress of the program one of the trainees suggested that they have a Halloween party for the entertainment of the trainees, the instructors and some of the supervisors. The idea was adopted by the trainees and one of them named Harriet Novak was selected by them to organize the event and make arrangements for the party. She spent a great deal of time outside of the classes making the necessary plans and arrangements for the entertainment.

The party was held after working hours from five until eleven p.m. away from the workplace and at the Hilton Hotel in Buffalo. Some of the participants moved to a nearby bar/restaurant later on. Grubka and his supervisor, Dave Goodwin, arrived at the party together at about 5:30 p.m. They were wearing Halloween masks in keeping with the theme of the party. Grubka left the party at about 9:15 p.m.

The party was very informal and casual, and as it progressed those present became more and more relaxed and unconstrained. Intoxicating liquor was being served and the prevailing atmosphere was loose and easy going, as could be expected at a Halloween party. About an hour after Grubka arrived at the party, he was standing near trainees Harriet Novak and Brenda Saunders when Nicholas Zona, one of the instructors, appeared with a camera and

asked to take their picture. A bystander, Craig Sylvester, said "Kiss him on the cheek," and Novak put both of her arms around Grubka's neck and kissed him on the right cheek. The picture is in evidence. It shows Novak kissing Grubka's right cheek with both of her arms clasped around his neck and Grubka standing with his left side toward the camera with his left hand in his pants pocket and facing the camera. Based on these facts, IRS charged Grubka with misconduct as follows:

*Reason I:* You engaged in conduct unbecoming an employee of your managerial position as Chief, Quality Review Staff, Examination Division.

*Specification 4:* On October 30, 1986, while attending an after duty hours party with other Examination Division employees. held at the Hilton Hotel, Buffalo, N.Y., you embraced female Revenue Agent Harriet Novak with your hand on her waist.

 The administrative judge (AJ) sustained this charge. In our opinion, his decision was contrary to the evidence. The facts related above show that Novak initiated the kiss and voluntarily put both of her arms around Grubka's neck and then kissed him on the cheek. Grubka did nothing but stand there with his hand in his pocket. The charge is frivolous, and the decision of the AJ is not supported by substantial evidence and is set aside. 5 U.S.C. § 7703(c).

Grubka was also charged with misconduct in kissing another female employee at the party. That charge was as follows:

*Reason I:* You engaged in conduct unbecoming an employee of your managerial position as Chief, Quality Review Staff, Examination Division.

*Specification 1:* On October 30, 1986, while attending an after duty hours party with other Examination Division employees held at the Hilton Hotel, Buffalo, N.Y., you embraced and kissed on the mouth female Revenue Agent Barbara Wood.

The AJ sustained this charge. We do not agree. The facts surrounding this kiss-

ing episode were substantially as follows. Nicholas Zona was still taking pictures and he saw trainee Barbara Wood standing near Grubka and he asked them if he could take their picture. Whereupon Wood drew close to Grubka and a kiss occurred as a picture was taken. Grubka testified that he did not initiate the kiss and that "Barbara (Wood) was close to me for a picture and pulled me close to her and kissed me." Wood testified that Grubka kissed her. The picture is in evidence and clearly shows that Wood raised her head and lips upward for the kiss as she was shorter in stature than Grubka. The AJ did not make a finding as to who initiated the kiss. The picture does not show any embrace of Wood by Grubka. In any event the entire scene was posed. Zona, who took the picture said it was not a candid picture, and Wood said it was posed. We conclude that the kiss was innocuous and the charge was frivolous. The decision of the AJ sustaining the charge is not supported by substantial evidence and is set aside. 5 U.S.C. § 7703(c).

The agency preferred yet another charge of misconduct against Grubka. It stated:

*Reason I:* You engaged in conduct unbecoming an employee of your managerial position as Chief, Quality Review Staff, Examination Division.

*Specification 3:* On October 30, 1986, while attending an after duty hours party with other Examination Division employees held at the Hilton Hotel, Buffalo, N.Y., you approached female Revenue Agent Harriet Novak in a stairwell outside the room in which the party was held, leaned against her and kissed her on the mouth.

The facts shown by the record with regard to this incident were generally as follows. Novak was staying at the hotel where the trainees were having their party. Her room was one floor above the party floor. She left the party and went to her room to freshen up and did so by way of the stairwell instead of using the elevator as it was closer. As she was returning down the stairs she met Grubka who was going up the stairs. She said he leaned against her, kissed her, and was sexually aroused. He signed a statement that he did not lean against her, did not kiss her, but only smelled her perfume, and was not sexually aroused. The AJ found Novak's statement credible and that of Grubka incredible and sustained the charge. We conclude that he erred in doing so.

At oral argument Grubka's counsel stated that Grubka and Novak were together only "a couple of seconds." Counsel for the Government did not dispute this and admitted that they were together for "a few moments." There was no evidence of any passionate embrace nor of any "love making." Even if there were a kiss, it was obviously a hurried one as there was no time for anything else. Novak's statement that Grubka was sexually aroused is not supported by any other evidence and appears to be a figment of her imagination. Her statement in this regard must be considered along with her other sex-oriented statements and actions revealed during the investigation which relate to her credibility. For instance, she stated that on one occasion before the date of the party she was sitting at a table with Grubka and several other friends when during their conversation Grubka put his hand on her knee. She considered this to be a sexual overture. She told various trainees that she thought Grubka was interested in her. She admitted that she was flirting with him. She said, "In my opinion of flirting, yes, I was flirting with Jim Grubka." Others, including Thomas E. Ryan, an instructor, testified that she was flirting with Grubka. She told one Barbara Ricotta that Grubka had asked her to spend the night with him. We have already described in our discussion of Specification 4 how she put her arms around his neck and kissed him on the cheek. On one occasion during a conversation between her and Grubka he said something about having his shoes shined after playing basketball and she interpreted this remark to mean that he was going to spend the night with her at the hotel. After the Halloween party was over, she, as a hotel guest, had his car parking ticket validated to avoid his having to pay a parking ticket fee, and then walked with him to

his car. She said that on reaching the car he tried to pull her into the car and kissed her. No charge was filed against Grubka on this incident, and nowhere was he charged with sexual harassment. Still later that evening she was at the restaurant with supervisor Dave Goodwin and she said that he wanted to sleep with her. Then there was the stairwell incident where she speculated that Grubka was sexually aroused.

In addition to the foregoing, Novak was definitely intoxicated during and after the party. She testified: "I said that after I have one drink, my judgment is impaired. That's why I said my judgment was probably impaired because I had a few drinks."

■ Notwithstanding the foregoing facts, together with the fact that Novak was a beginning probationary trainee with no civil service rights who could be removed from her job without a hearing, and notwithstanding the fact that Grubka was a married man with 19 years of service in the agency with an unblemished record of service during which he received the grade of "distinguished," the AJ found Novak's testimony credible and that of Grubka incredible. We do not agree. While it is true that ordinarily the question of credibility is left to the AJ, this is not an inflexible rule and will not be enforced if the credibility determination is inherently improbable or discredited by undisputed fact. We think that is the situation here. In his decision, the AJ stated, in referring to the actions of Grubka: "After going too far, he was caught." There is no basis for this statement. It shows undeniable bias on the part of the AJ against Grubka, and makes the AJ partisan against Grubka when he should have been neutral and nonpartisan. This statement tainted his decision on credibility in this charge, as well as in all of the other charges in this case. We hold that the finding by the AJ that the testimony of Novak was credible and that of Grubka was incredible was arbitrary, capricious, an abuse of discretion and unsupported by substantial evidence and is set aside. 5 U.S.C. § 7703(c).

■ As to the merits of the stairwell charge, we point out that the mission of the IRS is to collect taxes for the Government. It is commendable on the part of that agency to desire in tax matters that its agents be above suspicion like Caesar's wife. But in this case the agency apparently departed from its tax collecting mission and assumed the role of chaperon of its agents at an after hour Halloween social party at a private hotel away from the workplace. This is especially true with respect to the stairwell incident where no one was present but Grubka and Novak. What happened there was a private matter between them and had nothing to do with their work or the agency's mission of collecting taxes, and was not a matter of official concern to the agency. We hold that the charge was unfounded, frivolous, and the decision of the AJ in sustaining the charge is unsupported by substantial evidence and is set aside.

The IRS filed the following additional charge against Grubka:

*Reason II:* You made a false statement in a matter of official interest.

*Specification 1:* On December 12, 1986, during an interview conducted by Mr. Curtis S. Jenkins and Ms. Eileen Collins, you denied kissing female Revenue Agent Harriet Novak on the mouth in a stairwell outside the room in which a party was being held at the Hilton Hotel, Buffalo, N.Y., on October 30, 1986. You then executed a written statement to that effect. This statement was false in that you did kiss Ms. Novak at the Hilton Hotel on that date.

■ The AJ sustained this charge and in doing so found Grubka guilty of making a false statement in a matter of official interest in denying that he kissed Novak in the hotel stairwell by proving by Novak that he did kiss her. In other words, the AJ held by circuitous reasoning that proof by Novak that Grubka kissed her *ipso facto* proved that his denial was false and therefore, his denial was a separate offense as charged. We do not agree. This was indeed a novel theory. The effect of it is to hold that a denial of a charge itself be-

comes a separate proven offense if what is denied is proven to be true. We have found no case, and no case has been cited to us, that approves such a theory. It has always been the rule and practice that a person charged with an offense can deny the charge and plead not guilty, either because he is not guilty or to force the charging party to prove the charge, and, regardless of the outcome, the denial is not itself a separate offense. Otherwise, a person could never defend himself against a charge, even though frivolous, for fear of committing another offense by denying the charge. The decision of the AJ denied Grubka his due process rights in that it denied him the right to a trial on the charge without due process of law. In any event, the denial by Grubka that he kissed Novak in the hotel stairwell after working hours and away from the workplace was a denial of a private relationship between him and Novak and was not a denial of a matter of official interest to the IRS, because it had nothing to do with the work of that agency.

■ We hold that the charge has no substance, is frivolous, and the decision of the AJ sustaining it is not supported by substantial evidence and is erroneous as a matter of law, and is set aside.

The agency also preferred the following additional charge against Grubka:

*Reason III:* You failed to take action to report to the appropriate authorities allegations of misconduct concerning yourself and your immediate supervisor.

> *Specification 1:* On November 7, 1986 and again on November 10, 1986, Messrs. Paul Belliotti, Anthony Priore and Nicholas Zona reported to you allegations of employee misconduct involving yourself and Mr. David Goodwin, your official supervisor, at a party held at the Hilton Hotel on October 30, 1986. On November 10, 1986, you took these employees to Mr. Goodwin's office for a discussion of the matter. You failed to take action to insure that such allegations were reported to either the Inspection Service or a Management Official higher in the Or-

ganization than your supervisor who along with yourself was a subject of the allegations.

The AJ sustained this charge which was based on IRS Rules of Conduct, IRM § 214.3 which provides:

> 214.3 Reporting Allegations or Information of Employee Misconduct
> "All employees must promptly report, directly to Inspection, any information or allegation coming to their attention which indicates that another employee may have committed a crime ... Employees must also promptly report other acts of employee misconduct such as tardiness and misuse of leave to their immediate supervisor ..."

■ The AJ held that this rule required Grubka to self-accuse himself to higher authorities and to self-incriminate himself after instructors named in the charge visited with him and informed him of the allegations of misconduct in an anonymous letter. We do not agree. Our interpretation of the rule is that it does not require Grubka to self-accuse or self-incriminate himself of any wrongdoing. The first sentence of the rule only applies to reporting a crime by another employee and there is no allegation of a crime in the charge. The second sentence of the rule requires reporting acts of other employee misconduct in connection with their work "such as tardiness and misuse of leave." We interpret this rule as requiring employees to report to higher authority crimes or other acts of misconduct of *other* employees in connection with their work. There is no requirement that an employee, such as Grubka, accuse himself of misconduct and report it to his supervisor. If we were to adopt this view of the AJ and the Government, we would have to hold that the rule violates the provisions of the Fifth Amendment to the Constitution against self-incrimination. The Supreme Court has held that the Fifth Amendment prohibition against self-incrimination applies not only to criminal actions but to civil proceedings as well. *Counselman v. Hitchcock,* 142 U.S. 547, 562, 12 S.Ct. 195, 197, 35 L.Ed. 1110 (1892). We prefer to rely on our interpretation of the

rule instead of holding that it is unconstitutional.

Even if the rule required Grubka to report to his supervisor about the allegations, this was done when he and the three instructors visited with Dave Goodwin, Grubka's immediate supervisor, and discussed the matter with him.[1] Now the AJ and the Government contend that informing Goodwin was not enough and that since Goodwin was involved Grubka was required to report the matter to an authority higher than Goodwin. There is no requirement of this kind in the rule. We have no authority to rewrite the rule and neither does the AJ. Grubka told the three complaining instructors to report the allegations to the Inspection Service if they thought there was misconduct. They did not do so. Grubka was not required to do more.

We hold that the decision of the AJ sustaining the charge is not supported by substantial evidence, is erroneous as a matter of law, and is set aside.

■ We come now to the final charge the IRS filed against Grubka. It provides:

*Reason IV:* You performed unacceptably in the critical element of EEO and Development of Subordinates in your position as Chief, Quality Review Staff.

*Specification 1:* The critical element of your position: "EEO and Development of Subordinates" contains the objective "Effectively manages all aspects of equal employment opportunity responsibilities. Effectively develop all subordinates to reach their maximum potential." The uniform standards require that you foster a positive EEO climate and demonstrate personal commitment to EEO principles by actively supporting and working toward all Internal Revenue Service and local EEO goals.

Your October 30, 1986 conduct directed toward and in the presence of Examination Division trainees, as detailed in Reason I, Specifications 1 thru 4, constituted a failure to foster a positive EEO climate, a failure to demonstrate a personal commitment to EEO principles by actively supporting and working towards all Internal Revenue Service and local EEO goals and a failure to effectively manage all aspects of your EEO responsibilities.

This is a very general charge that as the old saying goes, "it covers everything and touches nothing." In other words, there is no specific provision of the EEO regulations that is alleged to have been violated which would support disciplinary action against Grubka. No such provision was discussed by the AJ. We are not required to search the countless pages of EEO regulations to see if one of them has been violated. It is difficult to see how the EEO regulations could be applicable to a private party such as the Halloween party involved here which occurred at a hotel away from the workplace and after hours, and where no employment occurred.

We are a reviewing court. We cannot find the facts. Our function is to review the facts found by the AJ to determine whether his findings are supported by substantial evidence and his conclusions on the facts are in accordance with law. The AJ did not make a single finding of fact in connection with the EEO charge before us. The only mention he made of the charge in his entire opinion was the following:

"The agency also proved that the appellant failed to show and develop EEO principles by his conduct and activities."

There was no finding of fact whatever to support this conclusionary statement. Without a finding of fact, we have nothing to review. Consequently, we conclude that the decision of the AJ sustaining the charge is not supported by substantial evidence and is erroneous as a matter of law, and it is set aside.

The decision of the MSPB is reversed and the case is remanded with instructions to restore Grubka to his former position with back pay and all other benefits to which he is entitled. The board is further

---

1. It is interesting to note that Nicholas Zona, one of the instructors accusing Grubka of misconduct in the kissing incidents, was the person with the camera who suggested taking the posed pictures and who took them when the kissing postures were staged.

instructed to remove the charges and these proceedings from his personnel records.

REVERSED AND REMANDED.