**Leilani BEVERLY, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 90–3002.**

United States Court of Appeals, Federal Circuit.

July 3, 1990.

---

**4.** *See, e.g., supra* note 3; Sentencing Guidelines § 7A1.2(a).

Stuart A. Abramson, Garden City, N.Y., submitted for petitioner.

Lori Joan Dym, Office of Labor Law, U.S. Postal Service, Washington, D.C., submitted for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen. and Jesse L. Butler, Asst. Gen. Counsel.

Before MARKEY, Circuit Judge,* MILLER, Senior Circuit Judge, and BROWNING, District Judge.**

JACK R. MILLER, Senior Circuit Judge.

Petitioner, Leilani Beverly, petitions for review of a decision of the Merit Systems Protection Board (MSPB) affirming the decision of an Administrative Judge ("AJ") of the MSPB upholding the discharge of Petitioner from her position of Supervisor, Mails and Delivery, for the United States Postal Service in Colorado Springs, Colorado, for one day of Absence Without Official Leave (AWOL) and for fraudulently claiming sick leave for that day. We affirm.

Petitioner commenced her employment with the United States Postal Service as a Distribution Clerk on June 2, 1979. She was promoted to the position of Supervisor, Mails and Delivery, on December 26, 1981. Prior to the Notice of Proposed Removal issued on October 24, 1988, Petitioner had not been disciplined for any attendance related infractions; nor was there any evidence of her having an attendance problem. While the Notice of Proposed Removal did cite two unrelated minor disciplinary notices, the deciding official did not consider them in his decision letter and found that Petitioner had no disciplinary record for similar charges.

On September 24, 1988, Petitioner was scheduled to work and called in advising that she was ill. The Postal Service claimed that Petitioner was seen at a football game during the time she should have been working. As a result, it subsequently denied Petitioner's request for sick leave, marked her AWOL, and issued a Notice of Proposed Removal. This notice contained three charges. Charge one was failure to fulfill the requirements of her position by reason of being AWOL. Charge two was an allegation that Petitioner had provided a false statement when she denied her presence at the football game. The AJ correctly found that this charge was a mere denial of the charges and should not have been stated as a separate offense. Charge three alleged a fraudulent claim for sick leave when Petitioner submitted an official form requesting payment of sick leave for September 24.

Petitioner responded by denying her presence at the football game and, in sup-

* Circuit Judge Markey vacated the position of Chief Judge on 27 June 1990.

** District Judge William D. Browning, United States District Court for the District of Arizona, sitting by designation.

**138**

port of her denial, submitted notarized statements from individuals attesting to Petitioner's whereabouts on the day in question. The subsequent decision letter removing Petitioner from her position attacked the submission by Petitioner. Among the reasons given by the deciding official for disbelieving Petitioner was the discrediting of the statements submitted by her on the grounds that a notary was not present to attest to the signatures and that she affixed her signature some time thereafter. In affirming the agency action to discharge Petitioner, the AJ held that Petitioner's defenses were attempted fabrications of evidence.

▪ With respect to charge one, that Petitioner was absent without leave, the AJ declined to credit Petitioner's denial that she was at the football game, commenting that her "scenario is so inconceivable in some respects as to adversely affect her credibility." The AJ referred to the fact that Petitioner claimed to have slept until 11:00 a.m. on the morning of the game, but gave no explanation why she was not awakened by numerous calls coming into her home, or, if she heard the phone, why she did not answer it. Further, the AJ commented that Petitioner did not provide sworn testimony from either of her two daughters whom she had alleged were at home while she was asleep, concluding that "her daughters could not truthfully testify to appellant's presence at home during the time of the game." We are satisfied that the MSPB's decision is supported by substantial evidence on the record as a whole.

▪ With respect to charge three, that Petitioner falsified a Postal Service 3971 leave request form for the day of AWOL in order to obtain compensation for her absence, claiming to have been sick, the following warning appears in bold face letters on Form 3971:

> Warning: the furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. 18 U.S.C. § 1001.

The AJ concluded that one day of absence without leave and Ms. Beverly's fraudulent

sick leave claim for that day were serious enough to warrant her discharge. Further, she repeatedly misstates the record when she states that she was removed only "for a single infraction of AWOL," that "we are concerned with only one day of an unexcused absence," and "that no ten year employee should be removed solely for a single day of unauthorized absence."

We reject Petitioner's arguments on the propriety of the penalty, recognizing that removal is well within the recommended range of penalties for a first offense of falsifying documents. Also, the testimony credited by the AJ and circumstantial elements of this case constitute substantial evidence supporting the decision on charge three. *Brewer v. United States Postal Service,* 647 F.2d 1093, 1096, 227 Ct.Cl. 276 (1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982).

AFFIRMED.