932 F.2d 980
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance Berry NEWMAN, Director, Office of Personnel
Management, Petitioner,
v.
George F. ARSICS, Jr. and National Treasury Employees Union,
Respondents.
 Misc. No. 301.
 United States Court of Appeals, Federal Circuit.
 March 26, 1991.
Suggestion for Rehearing In Banc Declined July 12, 1991.
 
 Before ARCHER, PLAGER and RADER, Circuit Judges.
 RADER, Circuit Judges.
 
 ORDER
 
 1
 Constance Berry Newman, Director, Office of Personnel Management (OPM) petitions for review of an arbitrator's December 18, 1990 order denying OPM's motion for reconsideration and reaffirming her September 8, 1990 decision that George F. Arsics, Jr. was guilty of misconduct, but that mitigation of his removal penalty to a 30-day suspension was appropriate. Arsics and the National Treasury Employees Union (Arsics) oppose the petition.
 
 
 2
 Briefly, Arsics was an employee of the Federal Communications Commission (FCC) at Powder Springs, Georgia. One of his responsibilities was to monitor radio communications stations for compliance with FCC regulations. Arsics was also a "HAM" radio operator.
 
 
 3
 On October 4, 1989, FCC officials at Powder Springs were directed to respond to a complaint about deliberate interference on a certain radio frequency. The officials, who taped the transmissions, tracked the signals to Arsics' home. Arsics allowed the officials into his home and told them that he been listening to that frequency, but that he had not been transmitting on it. The tapes revealed that Arsics had been transmitting on the frequency.
 
 
 4
 On October 13, 1989, the FCC proposed to remove Arsics based on violation of FCC rules, engaging in conduct having an adverse impact on the efficiency of the service, and deliberately misrepresenting, concealing, and withholding material facts during an official FCC investigation. On December 13, 1989, Arsics was removed and thereafter appealed to the arbitrator.
 
 
 5
 The arbitrator determined (1) that Arsics was guilty of violating FCC regulations, (2) that the FCC had shown that Arsics' conduct had an adverse impact on the efficiency of the service, (3) that the charge of misrepresenting material facts should be dismissed as inappropriate based on Grubka v. Dept. of Treasury, 858 F.2d 1570 (Fed.Cir.1988), and (4) that, in light of the "Douglas " factors,[1] the penalty of removal should be mitigated to a 30-day suspension.
 
 
 6
 OPM sought reconsideration of the arbitrator's decision, particularly that part of the decision relating to the dismissal of the misrepresentation charge. On December 18, 1990, the arbitrator sustained her earlier decision determining that, even if the misrepresentation charge were appropriate and Arsics were guilty of the charge, the FCC did not properly apply the Douglas factors. OPM petitioned this court for review.
 
 
 7
 Under 5 U.S.C. Sec. 7703(d) in conjunction with Sec. 7721(f), OPM may petition for review of an arbitrator's decision if OPM determines, inter alia, that the arbitrator's decision will have a substantial impact on the administration of the civil service. This court will independently decide whether an exercise of our discretionary jurisdiction is warranted. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed.Cir.1983). Moreover, this court will exercise even greater scrutiny of an OPM petition for review where OPM is challenging a decision made pursuant to arbitration rather a decision issued by the MSPB. Id. It is incumbent upon OPM to demonstrate substantial impact. Devine v. Brisco, 733 F.2d 867, 871 (Fed.Cir.1984).
 
 
 8
 Here, OPM argues that the arbitrator's determination in the underlying decision dismissing the misrepresentation charge will have a substantial impact on the administration of the civil service. However, on reconsideration, the arbitrator determined that even if the charge were sustained, her decision would remain the same.[2] Hence, we are unconvinced that the ruling will have a substantial impact and we decline to exercise our discretion on that basis.
 
 
 9
 OPM also argues that the arbitrator erred in mitigating the penalty. However, an "issue concerning mitigation is essentially a matter of judgment closely tied to the facts of [the] case, precisely the type of issue which OPM should not petition for review." Devine v. Sutermeister, 724 F.2d at 1566. Clearly, we will not exercise our jurisdiction over this petition on that basis.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 OPM's petition for review is denied.
 
 
 
 [1]
 Douglas v. Veterans Administration, 5 MSPB 313 (1981) set forth factors to be considered to determine whether a penalty is appropriate and reasonable
 
 
 [2]
 OPM's argument that the arbitrator was required to address the issue of whether her original determination was in error is without foundation in view of the arbitrator's decision on reconsideration