31 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ruben GUTIERREZ, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3131.
 United States Court of Appeals, Federal Circuit.
 July 25, 1994.
 
 Before MAYER and RADER, Circuit Judges, and CARMAN, Judge.[1]
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Ruben Gutierrez appeals the November 26, 1993 decision of the Merit Systems Protection Board in Docket No. DA0752920544-I-2. The Board affirmed the Administrative Judge's decision to remove Mr. Gutierrez from the United States Postal Service (USPS) for rifling the mail and failing to be truthful in an official postal investigation. This court affirms.
 
 BACKGROUND
 
 2
 Mr. Gutierrez was a mail carrier for the USPS at its Cresthaven Station in San Antonio, Texas. On February 14, 1992, the station manager received information from an employee that Mr. Gutierrez stole tapes and magazines from the mails. Postal Inspector G.M. Castillo, who conducts internal investigations of postal employees, began an investigation of Mr. Gutierrez. On April 1, 1992, Inspector Castillo sent a package containing cassette tapes to an address on Mr. Gutierrez's route. The package did not arrive at its destination.
 
 
 3
 On May 1, 1992, Inspector Castillo set up a video camera in the observation deck of the Cresthaven Station to record Mr. Gutierrez as he sorted the mail for his route. Inspector Castillo placed two parcels with addresses not on Mr. Gutierrez's route in Mr. Gutierrez's mail hamper. The first parcel was a plain package with no indications of its contents. The second parcel was a Columbia House mailer that obviously contained audio tapes. This package also carried a transmitter device that would set off a beeper in Mr. Castillo's possession if the package were rifled. Inspector Castillo carefully prepared the second package so that the address could not shift in the address window and sealed the package with two-sided tape to secure it from being easily opened.
 
 
 4
 Inspector Castillo recorded Mr. Gutierrez's actions on video. Mr. Gutierrez first took a package that was not one of the test packages, turned his back to the observation gallery, and removed the contents of this package. He then spotted the plain misdirected package and placed it in the correct mail hamper. After a few minutes Mr. Gutierrez came to the misdirected Columbia House package. He examined the package, turned his back to the hidden camera, and made movements with his hands. At that instant, Inspector Castillo's beeper went off. Inspector Castillo and Station Manager Weil approached Mr. Gutierrez and escorted him to the station manager's office where Mr. Gutierrez signed a Warning and Waiver of Rights form. Upon questioning about his actions, Mr. Gutierrez denied opening any packages. Later, however, he admitted that he had opened the package and commented that it was a stupid thing for him to do. After the interrogation, Mr. Weil relieved Mr. Gutierrez of duty and placed him on administrative leave pending further action. The area manager removed Mr. Gutierrez on June 26, 1992.
 
 DISCUSSION
 
 5
 This court has repeatedly held that Board credibility determinations are virtually unreviewable in this court. See Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986); DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). In these matters, this court defers to the judge who observed the witnesses and saw the evidence firsthand. This rule can be overcome only in rare situations where the credibility determination is inherently improbable or discredited by undisputed fact. Grubka v. Department of Treasury, 858 F.2d 1570, 1574 (Fed.Cir.1988). Mr. Gutierrez has presented only arguments relating to the merits of the removal action. He challenges the findings of the Administrative Judge who heard direct testimony from the witnesses and observed the video tape.
 
 
 6
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). The Administrative Judge heard the testimony, viewed the video tape, made careful credibility determinations, and upheld the removal action. The Board affirmed these factual determinations and the Administrative Judge's choice of penalty. Mr. Gutierrez has not shown that the Board's decision was arbitrary, capricious, or an abuse of discretion.
 
 
 7
 Moreover, the rules of practice for this court state that if an appellant "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed.R.App.P. 10(b)(2). An appellant who is unable to pay the cost of preparing a transcript may have the transcript produced at the Government's expense. 28 U.S.C. Sec. 1915(b) (1988). Mr. Gutierrez neither supplied the necessary transcript nor applied for the waiver. Without the benefit of the transcript from the trial proceedings, Mr. Gutierrez cannot persuade this court on any of his arguments. See Gonzales v. Defense Logistics Agency, 772 F.2d 887, 891 (Fed.Cir.1985).
 
 
 8
 For the foregoing reasons the decision of the Board is affirmed.
 
 
 
 [1]
 The Honorable Gregory W. Carman, Judge, U.S. Court of International Trade, sitting by designation