65 F.3d 186
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James B. KING, Director, Office of Personnel Management, Petitioner
v.
Jeanette M. WALSH, Respondent,
and
Lester E. Erickson, Jr., Respondent,
and
Michael G. Barrett and Jerome K. Roberts, Respondents,
and
Sharon Kye, Respondent,
and
Merit Systems Protection Board, Respondent.
Thomas J. WIGGINS, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
Michael G. BARRETT and Jerome Roberts, Petitioners,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 Nos. 430, 431, 95-3160, 95-3593.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 ON PETITION FOR REVIEW
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Director of the Office of Personnel Management (OPM) petitions for review of the Merit Systems Protection Board's decisions in Walsh v. Department of Veterans Affairs, Erickson v. Department of the Treasury, Barrett v. Department of the Interior, and Kye v. Defense Logistics Agency. Lester E. Erickson, Jr. has submitted a response. Michael G. Barrett and Jerome K. Roberts oppose and request an award of fees and costs. Sharon Kye opposes. The Board does not oppose review.[1] The Board moves to hold OPM's petition for review in Misc. No. 430 "in abeyance" pending this court's decision in Misc. No. 431. OPM opposes the Board's motion.
 
 
 2
 Briefly, OPM seeks review of the Board's decisions holding that an agency may not separately charge a federal employee with providing false statements in response to agency inquiries if the agency also charges that the employee committed the conduct that was the subject of the inquiry. The Board relied upon our decision in Grubka v. Department of the Treasury, 858 F.2d 1570 (Fed. Cir. 1988). In Grubka, the agency demoted the employee based upon four charges: (1) that the employee engaged in acts of misconduct concerning kissing and embracing other employees; (2) that the employee made a false statement during an interview concerning the aforementioned conduct; (3) that the employee failed to satisfy managerial responsibilities by failing to report his conduct and the conduct of others; and (4) that the employee failed to develop Equal Employment Opportunity principles. We held that charges one, three and four were not supported by substantial evidence. Concerning charge two, we noted that the Administrative Judge had sustained the charge of making a false statement (a denial of the kissing conduct) based upon the finding that the conduct did occur. We disagreed, stating:
 
 
 3
 The effect of it is to hold that a denial of a charge itself becomes a separate proven offense if what is denied is proven to be true. We have found no case, and no case has been cited to us, that approves such a theory. It has always been the rule and practice that a person charged with an offense can deny the charge and plead not guilty, either because he is not guilty or to force the charging party to prove the charge, and, regardless of the outcome, the denial is not itself a separate offense. Otherwise, a person could never defend himself against a charge, even though frivolous, for fear of committing another offense by denying the charge. The decision of the AJ denied Grubka his due process rights in that it denied him the right to a trial on the charge without due process of law. In any event, the denial [of the charged conduct] by Grubka ... was not a denial of a matter of official interest to the IRS, because it had nothing to do with the work of that agency.
 
 
 4
 Grubka, 858 F.2d at 1574-75. See also Beverly v. United States Postal Service, 907 F.2d 136, 137 (Fed. Cir. 1990) (stating that the AJ correctly found that a denial of a charge of absence without leave "should not have been stated as a separate offense").
 
 
 5
 Pursuant to 5 U.S.C. Sec. 7703(d), OPM may seek review of a Board decision when OPM determines, in its discretion, that the Board erred in interpreting a civil service law, rule or regulation, and that the Board's decision will have a substantial impact on the administration of the civil service. This court must independently determine whether an exercise of our jurisdiction is warranted. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed. Cir. 1983).
 
 
 6
 OPM argues that the Board's decisions are incorrect because the quoted language from Grubka is dicta, incorrect, or inapplicable. OPM argues that the Board's decisions relying on Grubka are "not supported by the Constitution, statutes, regulations, or applicable Supreme Court precedent." OPM argues that, although an employee may pursuant to statute and regulation deny the charges or deny culpability, an employee may not make false statements concerning the underlying facts of the charged misconduct.
 
 
 7
 We have considered the arguments presented by Erickson, Barrett, Roberts and Kye. Barrett, Roberts and Kye argue that the Board correctly decided the issue. However, those arguments relate to the merits of the case and not whether this court will entertain OPM's petition for review. Barrett, Roberts and Kye should present those arguments in the briefs. Kye also argues that the case is moot because the agency complied with the Board's decision reducing her removal to a 45-day suspension. Kye's argument is incorrect. Compliance with the Board's order does not negate OPM's right to petition this court for review of the Board's order.
 
 
 8
 We determine that review of the Board's final orders is appropriate. In this case, the Board and OPM disagree about the interpretation of Grubka and an employee's due process rights. We are persuaded that the Board's orders will have a substantial impact on the administration of the civil service. Further, the Board does not oppose OPM's petitions for review.
 
 
 9
 Finally, we note that in Appeal No. 95-3160, Thomas J. Wiggins petitions for review of the Board's decision in a case that was consolidated at the Board with Barrett and Roberts' case.[2] In Appeal No. 95-3593 (presently dismissed), Barrett and Roberts are seeking review of the Board's denial of an award of attorney fees. Appeal No. 95-3160 will be treated as a companion case for purposes of oral argument, as well as Appeal No. 95-3593, if reinstated.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) Misc. No. 430 and Misc. No. 431 are consolidated.
 
 
 12
 (2) OPM's petitions for review are granted.
 
 
 13
 (3) Appeal No. 95-3160 and Appeal No. 95-3593 shall be treated as companion cases to OPM's petitions for review for purposes of assignment to the same merits panel and oral argument.
 
 
 14
 (4) The revised official caption is reflected above.
 
 
 15
 (5) Barrett and Roberts' request for fees and costs is denied.
 
 
 
 [1]
 The Board requests that we determine without briefing whether the Board's decisions are correct. We deny the request. The cases will be briefed and argued in the usual course
 
 
 [2]
 The Board issued a decision that involved the common facts concerning Wiggins, Barrett and Roberts. However, the issues in Wiggins' appeal do not concern whether an employee may be charged with the separate offense of providing false statements and thus it is not included in OPM's petitions for review