92 F.3d 1208
 13 IER Cases 844
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James B. KING, Director, Office of Personnel Management, Petitioner,
v.
Harry R. McMANUS, Respondent,
and
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3028.
 United States Court of Appeals, Federal Circuit.
 July 22, 1996.
 
 Before RICH, LOURIE, and RADER, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 The Director of the Office of Personnel Management ("OPM") petitions for review of the board's final decision in McManus v. Department of Justice, 66 M.S.P.R. 564 (1995), reversing a falsification charge based upon its holding in Walsh v. Department of Veterans Affairs, 62 M.S.P.R. 586 (1994). We affirm.
 
 DISCUSSION
 
 2
 The Department of Justice ("the agency") employed Harry R. McManus as a Lieutenant. The agency demoted him to the position of Correctional Officer, charging him with (1) conduct unbecoming a supervisor based upon sexual comments that he made to one of his subordinates, Corrections Officer Judith White, and (2) making false statements during an official investigation. In an initial decision, an administrative judge ("AJ") found that when McManus was interviewed during the agency's investigation he admitted making sexual comments to White. Even though the comments were often made in an atmosphere in which workers voluntarily participated, the AJ found this to be unsuitable conduct for a supervisor and he therefore sustained the misconduct charge.
 
 
 3
 The AJ found that McManus made the following false statements during the agency's investigation:
 
 
 4
 (1) during the interview on October 29, 1993 (interview 1), the appellant responded that he never told Officer White that he was disappointed that she did not call during the evening they were on duty together; during the interview on November 19, 1993 (interview 2), he responded that he had called Officer White and told her that he was disappointed that she had not called;
 
 
 5
 (2) during interview 1, the appellant stated that he never said he would have Officer White relieved so that she could come over to FCI and tease him more; during interview 2, however, the appellant stated that maybe he had stated he would have Officer White relieved;
 
 
 6
 (3) during interview 1, the appellant stated that he never asked Officer White why she had not traded posts with Officer Smith so that she (Officer White) could be closer to him at FCI; during interview 2, he stated that, indeed, he may have asked her this;
 
 
 7
 (4) during interview 1, the appellant flatly denied discussing the subject of preferred sexual positions with Officer White; during interview 2, the appellant responded that he asked the appellant [sic], "What (positions) do you like?";
 
 
 8
 (5) during interview 1, the appellant flatly denied ever discussing Officer White accompanying him on a WITSEC trip; however, during interview 2, the appellant stated that he had asked her to accompany him; and
 
 
 9
 (6) during interview 1, the appellant denied that he told Officer White that he had a bulge (in his pants) while talking with her; during interview 2, the appellant responded, "Can you see how much you excite me?" (referring to the bulge in his pants).
 
 
 10
 When questioned about these inconsistent statements during his oral reply to the agency's notice, McManus stated that he may have "skirted the issue" in an attempt to end the investigation and that his responses during the second interview were simply elaborations of his first responses. The AJ found that McManus's explanation was not credible and that he intentionally made false statements to the agency during its investigation. Therefore, the AJ sustained the falsification charge.
 
 
 11
 However, the AJ found that the agency's penalty of demotion exceeded the tolerable bounds of reasonableness. The AJ found that McManus's comments were mostly delivered in jest among willing participants, including White, who initiated the comments on more than one occasion. With respect to the falsification charge, the AJ considered that McManus ultimately told the truth regarding the misconduct. The AJ also considered that McManus had eleven years of service without any prior discipline. Accordingly, the AJ mitigated the penalty to a fourteen-day suspension.
 
 
 12
 The agency petitioned the full board for review. The board denied the petition as failing to meet the criteria for review under 5 C.F.R. § 1201.115; however, it reopened the appeal on its own motion under 5 C.F.R. § 1201.117. Based upon its decision in Walsh, in which it held that an agency may not charge an employee both with misconduct and with making false statements regarding the alleged misconduct, the board reversed the falsification charge against McManus. The board sustained the misconduct charge and found that the AJ did not err in mitigating the penalty. Accordingly, the board affirmed the initial decision as modified and sustained the mitigation of the penalty to a fourteen-day suspension. OPM now appeals.
 
 
 13
 OPM argues that the board's holding in Walsh is not in accordance with law. According to OPM, the board in its Walsh decision relied upon dicta in Grubka v. Department of the Treasury, 858 F.2d 1570, 1575 (Fed.Cir.1988). We recently addressed the same issue in King v. Erickson, Nos. 95-3745, 95-3746 (Fed.Cir. July 16, 1996). In Erickson, we stated that the statements in question in Grubka were not dicta, and we held that "an agency may not charge an employee with falsification or a similar charge on the ground of the employee's denial of another charge or of underlying facts relating to that other charge." Erickson, slip op. at 22.
 
 
 14
 We review whether the board's decision in reversing the falsification charge against McManus was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (1994). Each of McManus's responses alleged to be false statements was essentially a denial of the misconduct under investigation. During the agency's first interview, he stated that he never said the statements in question or he denied having said them. During the second interview, he stated substantially the opposite. Under our holding in Erickson, we must conclude that the first responses were within the range of denials that must be permitted in order to make meaningful the right to respond to charges; they were therefore not separately-actionable false statements. Accordingly, the board did not err in reversing the falsification charge against McManus. OPM has not appealed the issue of mitigation of the penalty, and we therefore do not address it.