106 F.3d 426
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raponsia A. GOOD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3210.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1997.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Petitioner, Raponsia A. Good, seeks review of the October 13, 1995, initial decision of the Merit Systems Protection Board (Board) affirming a decision of the United States Postal Service (USPS or agency) to demote and transfer Ms. Good for "Unsatisfactory Management Performance." The initial decision of the Board became the final decision of the Board on March 6, 1996. Because supported by the record, the decision of the Board is affirmed.
 
 
 2
 * Ms. Good began working for the USPS in 1985. In October 1993, Ms. Good was awarded a permanent position as Supervisor, Customer Services, EAS-16, at the Post Office in Sherman, Texas. Soon after Ms. Good's arrival, reported productivity rates at the Post Office in Sherman began to increase at a rate considerably faster than the growth of the population. Eventually, this rise in productivity attracted the attention of the District Office in Dallas, Texas, and an investigation ensued.
 
 
 3
 The investigative team dispatched to the Sherman Post Office unanimously concluded that "Ms. Raponsia Good had, indeed, willfully and with full knowledge, misreported workhours ... and inflated volumes." The agency proposed reduction in grade and pay to the position of Part Time Flexible Distribution Clerk, PS-5, and transferal to the Post Office in Allen, Texas.
 
 
 4
 Ms. Good denied the charges and immediately appealed her proposed demotion to the Board. At the subsequent hearing, the Administrative Judge (AJ) evaluated time, attendance, and mail volume records from the Sherman Post Office, as well as the investigation reports. The AJ sustained the charge and upheld the transfer and the reduction in grade and pay. Specifically, after concluding that incorrect workhours and mail volume had been reported, the AJ found "that [Ms. Good] intended to mislead and deceive the agency into believing that the ... hours reported and the mail volumes reported were accurate.... Because [Ms. Good] directed employees to provide false information and she intended to mislead or deceive the agency, I find that her misconduct constitutes unsatisfactory management performance."
 
 II
 
 5
 This court may reverse a decision of the Board only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); see, e.g., Frederick v. Department of Justice, 73 F.3d 349, 351 (Fed.Cir.1996); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986). Under this standard, this court must affirm the Board's decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion." Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938).
 
 
 6
 Ms. Good makes several arguments on appeal. Ms. Good criticizes the initial decision of the AJ as employing only the evidence that supported the agency's charges and failing to address evidence presented by petitioner. Moreover, Ms. Good alleges that the agency did not meet its burden of proof.
 
 
 7
 Substantial evidence supports the decision of the Board on Ms. Good's culpability. The record shows contradictions between records and actual mail delivery on November 17, 1994 and December 12, 1994. In addition, Gwen Cantrell testified that Ms. Good directed her to transfer the designation of the workhours. While Ms. Good and Tim Combs testified in support of petitioner, the AJ found that Ms. Good's testimony was of varying quality and Mr. Comb's testimony "was vague." Simply, the AJ found "that the agency's version of the disputed facts is more likely to be true than untrue." These credibility determinations are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986); DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985). Likewise, Cindy Smith testified that Ms. Good supplied the reported mail volumes for November 17-19, 1994. Because the result of these falsifications was to make the Sherman Post Office appear more efficient, which reflected favorably upon Ms. Good, evidence of intent was properly inferred. See Naekel v. Department of Transp., 782 F.2d 975, 978 (Fed.Cir.1986) (circumstantial evidence may be used to establish intent).
 
 
 8
 Finally, the decision to reduce Ms. Good's grade and pay in order to promote the efficiency of the agency is also supported by substantial evidence. See 5 U.S.C. § 7513(a) (1994). The record justifies USPS's decision to transfer and demote Ms. Good to a position that did not require the level of trust required in a supervisor's position. This penalty was well within the agency's discretion. See Beverly v. United States Postal Serv., 907 F.2d 136, 138 (Fed.Cir.1990).
 
 
 9
 Because Ms. Good did not show that the Board's actions were arbitrary or capricious, obtained without proper procedure, or unsupported by substantial evidence, the decision of the Board is affirmed.