NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3042

CAROL A. GABRIELLI,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Carol A. Gabrielli, of Bremerton, Washington, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director and Brian M. Simkin, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3042

CAROL A. GABRIELLI,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board
in SF0752080238-I-1.

_____

DECIDED:  April 1, 2009

_____

Before BRYSON, MOORE, <u>Circuit Judges</u>, and CUDAHY, <u>Senior Circuit Judge</u>.[*]

PER CURIAM.

## DECISION

Carol A. Gabrielli was removed from employment with the Internal Revenue Service ("IRS") for falsifying documents.  She appealed her termination to the Merit Systems Protection Board.  The Board concluded that preponderant evidence

_____

[*]    The Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

supported her removal for violating Section 1203(b)(4) of the Restructuring and Reform Act of 1998. We affirm.

BACKGROUND

Ms. Gabrielli was employed in the Technical Services Division of the Internal Revenue Service in Salt Lake City, Utah. The duties of that division include making penalty assessments for trust fund cases after those cases are signed and forwarded by an employee in the Appeals Division. Ms. Gabrielli was the only employee in her unit with the responsibility for processing a specific subset of trust fund cases.

On November 4, 2005, a supervisory appeals officer in the Appeals Division transmitted five such trust fund cases to the Technical Services Division. To do so, the supervisory appeals officer signed the forms and marked them by hand with the date "11/4/05." An advisor in the Technical Services Division who received the forms subsequently faxed them to Ms. Gabrielli on November 10, 2005, as reflected by a date and time stamp reading "NOV-10-2005 11:07." The Automated Trust Fund Recovery computer system reflected that Ms. Gabrielli accessed the account of the employer for whom the five individual taxpayers worked at 12:27 p.m. that same day. Ms. Gabrielli completed her assessments and transmitted the cases to the Ogden Service Center on December 6 and 9, 2005, along with the same forms that had originally been hand-dated.

The Technical Services Division must complete its assessments within 30 days of their having been signed by the Appeals Division in order for the IRS to collect the appropriate penalties from the taxpayers. Ms. Gabrielli's assessments on the five cases at issue were therefore 2 and 5 days late, respectively, based on the date that the forms

had been hand-dated by the supervisory appeals officer in the Appeals Division. However, when they were received by the Ogden Service Center, the hand-dated forms reflected that they had been timely filed, because the "11/4/05" on the forms had been altered by the addition of an extra number "1" to read "11/14/05."

When the advisor in the Technical Services Division who had originally transmitted the forms to Ms. Gabrielli noticed the alteration, she reported the modification to her supervisor, who in turn referred the matter to the Treasury Inspector General for Tax Administration. Special agents of that office then conducted an investigation to determine whether Ms. Gabrielli had altered the dates on the forms. The investigation revealed that because of a death in her family, Ms. Gabrielli was absent from work for a long period of time immediately following the day the forms in question were signed. After the investigation, the agency determined that she had "altered documents to conceal a mistake." The agency then removed Ms. Gabrielli from employment for violating Section 1203(b)(4) of the Restructuring and Reform Act of 1998, Pub. L. No. 105-206, tit. I, § 1203, 112 Stat. 685, 720-21 (codified as a note to 26 U.S.C. § 7804), which states that the agency shall terminate an employee for "falsifying or destroying documents to conceal mistakes made by an employee with respect to a matter involving a taxpayer or taxpayer representative."

Ms. Gabrielli appealed her removal to the Merit Systems Protection Board. An administrative judge was assigned to her appeal and held a hearing to determine whether Ms. Gabrielli had falsified the documents. At that hearing Ms. Gabrielli testified that she had not received the faxed forms on November 10, 2005, but rather had first seen the forms on December 6, 2005, at which time they had already been altered. Ms.

Gabrielli also testified that other employees in her office sometimes worked on the type of trust fund cases at issue, and she said that other employees may have picked up the forms from the fax machine.

The administrative judge found Ms. Gabrielli's explanation "not to be believable." The administrative judge noted that the Automated Trust Fund Recovery computer system showed that Ms. Gabrielli had accessed the account of the employer for whom the five individual taxpayers worked on November 10, 2005, "a little over an hour" after the form had been faxed to her office, and that Ms. Gabrielli had "no specific recollection of why she accessed the related case history on that date." The administrative judge also credited the testimony of two other individuals who disputed Ms. Gabrielli's claim that other employees sometimes worked on such cases. Finally, the administrative judge noted that the fact that Ms. Gabrielli had missed work during the relevant time period and that she did not want the agency to lose its ability to collect the penalties because of her error supported a conclusion that she was motivated to alter the forms. Based on that evidence, the administrative judge determined that the IRS had demonstrated, by preponderant evidence, that Ms. Gabrielli had falsified claim forms in violation of Section 1203(b)(4) of the Restructuring and Reform Act of 1998. The administrative judge also determined that there was a sufficient nexus between Ms. Gabrielli's misconduct and the efficiency of the service and that the penalty of removal was reasonable under Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981).

## DISCUSSION

On appeal, Ms. Gabrielli challenges the Board's determination that she falsified documents, asserting that "[t]here is no evidence she changed the documents." Ms.

Gabrielli appears to suggest that the agency must present direct evidence that she altered the forms. The agency, however, presented evidence that the forms were faxed on November 10, 2005, and that on that same day Ms. Gabrielli accessed computer files related to the processing of the cases. The agency also presented evidence that Ms. Gabrielli was absent from work for some time after receiving the cases and that no other employee would be expected to work on the cases during this time. Finally, the agency presented evidence that Ms. Gabrielli sent the cases to the Ogden Service Center with alterations made on the forms.

It is not unreasonable to infer from that circumstantial evidence that Ms. Gabrielli altered the forms. Direct evidence of her conduct is not necessary. "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." Fuji Photo Film Co. v. Jazz Photo Corp., 394 F.3d 1368, 1374 (Fed. Cir. 2005) (citation omitted); Beverly v. U.S. Postal Service, 907 F.2d 136, 138 (Fed. Cir. 1990) (affirming the Board's decision to affirm an employee's removal based on credible testimony and circumstantial evidence). Here, the administrative judge credited the testimony of the other witnesses over Ms. Gabrielli's testimony. Such credibility determinations by an administrative judge are virtually unreviewable. See Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 725 (Fed. Cir. 1998).

Citing Kumferman v. Department of the Navy, 785 F.2d 286 (Fed. Cir. 1986), Ms. Gabrielli asserts that the agency was required to show that she intended to defraud the government and that the agency failed to do so. Ms. Gabrielli, however, was charged with "falsifying or destroying documents to conceal mistakes made by any employee with respect to a matter involving a taxpayer or taxpayer representative," an offense

defined by the Restructuring and Reform Act of 1998, Pub. L. No. 105-206, tit. I, § 1203, 112 Stat. 685, 720-21 (codified as a note to 26 U.S.C. § 7804). That offense requires proof of intent on the part of the employee to conceal mistakes, and the circumstantial evidence was sufficient to prove that Ms. Gabrielli acted with that intent. She was the principal person in a position to make the alteration, and she had a strong motivation to do so in order that the agency would not suffer the loss of funds because of her failure to act in a timely manner. Substantial evidence therefore supports the administrative judge's finding that the agency proved each of the elements of the charged offense. Accordingly, we sustain the Board's ruling upholding Ms. Gabrielli's removal.